**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

CHINGIZ MATYEV, et al.,

    Plaintiffs,

    v.

SERGEY KAPUSTIN, IRINA KAPUSTINA, MICHAEL GOLOVERYA, VLADIMIR SHTEYN, IGOR ZADOROZHNIY, ISKANDER IBRAGIMOV, TRT INTERNATIONAL, LTD., OLEG MITNIK, G AUTO SALES, INC., GLOBAL AUTO, INC., EFFECT AUTO SALES, INC., SK IMPORTS, INC., GLOBAL CARGO OY, AUCTION AUTO USA, INC., ATC LOGISTIC OY, et al.,

    Defendants.

1:16-cv-00530-NLH-AMD

**OPINION**

---

**APPEARANCES**:

ANNA V. BROWN
MARIA TEMKIN
BROWN LEGAL CONSULTING, LLC
1076 Ocean Avenue
SEA BRIGHT, NJ 07760
    On behalf of Plaintiffs

IRINA KAPUSTINA
137 GRASSHOPPER DRIVE
WARMINSTER, PA 18974
    Pro Se Defendant

MICHAEL GOLOVERYA
137 GRASSHOPPER DRIVE
WARMINSTER, PA 18974
    Pro Se Defendant

VLADIMIR SHTEYN
3325 WOODLAND CIRCLE
HUNTINGDON VALLEY, PA 19006

Pro Se Defendant

**HILLMAN**, District Judge

This case is a companion to Akishev v. Kapustin, Civil Action No. 13-7152 (NLH/AMD), and both cases concern a "bait-and-switch" fraudulent scheme masterminded and operated by defendant, Sergey Kapustin, and allegedly assisted by other defendants, through deceptive online advertising aimed at luring international customers to wire funds for automobile purchases and then switching to higher prices, misrepresenting mileage, condition and location and ownership of these vehicles, extorting more funds, and failing to deliver the paid-for-vehicles. Presently before the Court are the motions of three individual Defendants to vacate the Clerk's entry of default against them. For the reasons expressed below, Defendants' motions will be granted.

### BACKGROUND & DISCUSSION

On January 29, 2016, Plaintiffs filed their Complaint against numerous Defendants, including Irina Kapustina, Michael Goloverya, and Vladimir Shteyn.[1] Plaintiffs filed an Amended Complaint on April 8, 2016. Summonses were returned as executed

---

[1] The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (actions arising under the laws of the United States) and 18 U.S.C. § 1964(c) (jurisdiction over civil RICO actions). The Court also has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

on these three Defendants on June 20, 2016. Defendants' Answers were due on July 11, 2016, but Defendants failed to file their Answers or otherwise appear in the matter. On July 22, 2016, Plaintiffs asked the Clerk to enter default against Kapustina, Goloverya, and Shteyn, and the Clerk entered default on July 25, 2016.

On July 29, 2016, Kapustina and Goloverya, appearing pro se, filed motions to set aside default, and at the same time filed their Answers to Plaintiffs' Amended Complaint. On August 10, 2016, Shteyn, also appearing pro se, filed a motion to set aside default, along with his Answer and cross-claims against other Defendants. Plaintiffs have opposed these motions, and have asked for attorneys' fees and costs for having to do so.

Federal Rule of Civil Procedure 55(c) provides, "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). A decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) is left primarily to the discretion of the district court. U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984) (citation omitted). The Third Circuit does not favor entry of defaults or default judgments, and "doubtful cases" should "be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." Id. (quotations and citations omitted).

3

In determining whether to set aside default, the district court must consider three factors: "(1) whether plaintiff will be prejudiced if default is not granted; (2) whether defendant has a meritorious defense; and, (3) whether defendant's delay was the result of culpable misconduct." Id. (citations omitted).

This Court finds that all three factors weigh in favor of vacating the Clerk's entry of default against Kapustina, Goloverya, and Shteyn.  First, Plaintiffs will not be prejudiced if default is vacated.  Even though Plaintiffs contend that these Defendants willfully ignored proper service, and that only notice via email of the Clerk's entry of default spurred them into action, the four week delay from Defendants' deadline to file their Answers and their appearance in the case had a de minimus effect on the progression of the matter at that time.[2]

Second, Defendants, through their Answers, have presented meritorious defenses to Plaintiffs' claims, including challenges to the propriety of Plaintiffs' service of process.  (See Docket No. 27, 29, 30.)  Third, when reviewing Defendants' explanations

---

[2] Instead, Plaintiffs' opposition to Defendants' motions has delayed the case's progression.  If Plaintiffs had not opposed Defendants' motions to vacate default, the discovery process would have commenced as to these Defendants as of July 29, 2016 and August 10, 2016.  Because of the defaults and the pending motions, discovery has not begun.

4

for why they did not answer the Amended Complaint within the time frame provided under the Rules, their explanations include assertions from all of these Defendants that they never received personal service of the Amended Complaint and they first learned of the case against them by way of email from Plaintiff's counsel.  Instead of ignoring counsel's email on July 22, 2016, they expeditiously prepared their motions and filed their Answers.  Defendants' conduct, especially considering their pro se status, does not constitute "culpable misconduct."

    Finally, if the Court were to deny Defendants' motions and entertain motions by Plaintiffs for the entry of default judgment against these Defendants, which would be the next step in the defaulting defendant process, the same factors would support the denial of those motions.  Thus, as directed by the Third Circuit, this case must move forward with Defendants' participation so that it will be decided on the merits.  Defendants' motions to vacate default are granted, and Plaintiffs' request for attorneys' fees and costs is denied.

    An appropriate Order will be entered.


Date:  February 2, 2017        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

5