```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHINGIZ MATYEV, et al., | 1:16-cv-00530-NLH-AMD |
| Plaintiffs, | **OPINION** |
| v. | |
| SERGEY KAPUSTIN, IRINA KAPUSTINA, MICHAEL GOLOVERYA, VLADIMIR SHTEYN, IGOR ZADOROZHNIY, ISKANDER IBRAGIMOV, TRT INTERNATIONAL, LTD., OLEG MITNIK, G AUTO SALES, INC., GLOBAL AUTO, INC., EFFECT AUTO SALES, INC., SK IMPORTS, INC., GLOBAL CARGO OY, AUCTION AUTO USA, INC., ATC LOGISTIC OY, et al., | |
| Defendants. | |

**APPEARANCES**:

ANNA V. BROWN
MARIA TEMKIN
BROWN LEGAL CONSULTING, LLC
1076 OCEAN AVENUE
SEA BRIGHT, NJ 07760
    On behalf of Plaintiffs

EKATERINA SCHOENEFELD
SCHOENEFELD LAW FIRM LLC
32 CHAMBERS STREET, SUITE 2
PRINCETON, NJ 08542
    On behalf of Defendant Iskander Ibragimov

SUZANA DAS
DAS LAW LLC
555 ROUTE 1 SOUTH
SUITE 100
ISELIN, NJ 08830
    On behalf of Defendants TRT International, LTD and Oleg
    Mitnik

IRINA KAPUSTINA
137 GRASSHOPPER DRIVE
WARMINSTER, PA 18974
    Pro Se Defendant

MICHAEL GOLOVERYA
137 GRASSHOPPER DRIVE
WARMINSTER, PA 18974
    Pro Se Defendant

VLADIMIR SHTEYN
3325 WOODLAND CIRCLE
HUNTINGDON VALLEY, PA 19006
    Pro Se Defendant

**HILLMAN, District Judge**

This case is a companion to Akishev v. Kapustin, Civil Action No. 13-7152 (NLH/AMD), and both cases concern a "bait-and-switch" fraudulent scheme masterminded and operated by defendant, Sergey Kapustin, and allegedly assisted by other defendants, through deceptive online advertising aimed at luring international customers to wire funds for automobile purchases and then switching to higher prices, misrepresenting mileage, condition and location and ownership of these vehicles, extorting more funds, and failing to deliver the paid-for vehicles. Presently before the Court is the motion of Defendant Iskander Ibragimov to dismiss Plaintiffs' claims against him. For the reasons expressed below, Ibragimov's motion will be denied.

## **BACKGROUND & DISCUSSION**

For a detailed recitation of the fraudulent scheme

perpetrated by Kapustin and other various defendants, see Akishev v. Kapustin, Civil Action No. 13-7152 (NLH/AMD), Docket No. 272, 358, 395. This case concerns additional Plaintiffs, Chingiz Matyev, Sergey Smirnov, and Igor Zuev, all citizens of Eastern Europe who, like the Plaintiffs in Akishev v. Kapustin, used Kaputin's websites to purchase a car from the United States to be shipped overseas, wired money to Kapustin, but never received any vehicle or a refund of their money.[1]

The current motion to dismiss is filed by Defendant Iskander Ibragimov, who is not a party to the Akishev action. Plaintiffs claim in this case that Ibragimov was involved in Kapustin's fraudulent scheme because he developed and managed the sham websites for the car dealerships, managed the email accounts that Defendants used to communicate with Plaintiffs and other victims, traveled from his residence in Pennsylvania to the dealerships in New Jersey, transacted business with co-defendant TRT International, and was a de facto owner or director of Kapustin's corporate entities.

Ibragimov argues that Plaintiffs have failed to state any viable claims against him under RICO or New Jersey's Consumer

---

[1] The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c). The Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

3

Fraud Act because Plaintiffs' complaint does not contain facts connecting their experience with the Kapustin websites and money wire transfers directly with Ibragimov. Ibragimov further argues that the complaint does not set forth facts to establish the "common purpose" element of a RICO claim, and the statement that Ibragimov is a de facto owner of the corporate entities is an inappropriate conclusion of law.

The federal RICO statute, codified at 18 U.S.C. § 1961-68, provides, in relevant part, that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). In order to adequately plead a violation of the federal RICO statute, a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)).

A valid RICO claim must be based on one of the predicate criminal offenses listed in 18 U.S.C. § 1962, or a conspiracy to commit such an offense. 18 U.S.C. §§ 1962, 1964(c). A defendant in a racketeering conspiracy need not itself commit or agree to commit predicate acts. Smith v. Berg, 247 F.3d 532,

4

537 (3d Cir. 2001). Rather, "all that is necessary for such a conspiracy is that the conspirators share a common purpose." Id. Thus, if defendants agree to a plan wherein some conspirators will commit crimes and others will provide support, "the supporters are as guilty as the perpetrators." Salinas v. United States, 522 U.S. 52, 64 (1997). Each defendant must "agree to commission of two or more racketeering acts," United States v. Phillips, 874 F.2d 123, 127 n.4 (3d Cir. 1989), and each defendant must "adopt the goal of furthering or facilitating the criminal endeavor," Smith, 247 F.3d at 537.

To state a claim under the NJCFA, N.J.S.A. 56:8-1, et seq., a plaintiff must allege: "'(1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss.'" Mason v. Coca-Cola Co., 774 F. Supp. 2d 699, 702-03 (D.N.J. 2011) (quoting Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007)).

The NJCFA defines unlawful conduct broadly as: "The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with

the sale or advertisement of any merchandise." N.J.S.A. 56:8-2.
In other words, "unlawful practices fall into one of three
general categories: (1) affirmative acts; (2) knowing omissions;
and (3) regulation violations." Mason, 774 F. Supp. 2d at 702-
03 (citation omitted).

A motion to dismiss under Federal Civil Procedure Rule
12(b)(6) may be granted only if, accepting all well-pleaded
allegations in the complaint as true and viewing them in the
light most favorable to the plaintiff, a court concludes that
the plaintiff failed to set forth fair notice of what the claim
is and the grounds upon which it rests. A complaint will
survive a motion to dismiss if it contains sufficient factual
matter to "state a claim to relief that is plausible on its
face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a
court must accept as true all factual allegations in a
complaint, that tenet is "inapplicable to legal conclusions,"
and "[a] pleading that offers labels and conclusions or a
formulaic recitation of the elements of a cause of action will
not do." Id. at 678.

For claims that sound in fraud or misrepresentation the
complaint "must state with particularity the circumstances
constituting fraud." Fed. R. Civ. P. 9(b). The level of
particularity required is sufficient details to put defendants
on notice of the "precise misconduct with which they are

charged." In re Riddell Concussion Reduction Litigation, 77 F. Supp. 3d 422, 433 (D.N.J. 2015) (citing Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984)) (other citation omitted). "'This requires a plaintiff to plead the date, time, and place of the alleged fraud, or otherwise inject precision into the allegations by some alternative means.'" Id. (quoting Grant v. Turner, 505 F. App'x 107, 111 (3d Cir. 2012), cert. denied, --- U.S. ----, 133 S. Ct. 2770 (2013)).

Plaintiffs' complaint satisfies the Rule 9(b) pleading requirement for their RICO and NJCFA claims against Ibragimov. Plaintiffs have alleged that Ibragimov engaged in numerous predicates acts, including developing and maintaining the sham websites which lured unsuspecting customers into believing that the cars listed on the websites were truly available for purchase, and managing the email accounts that facilitated the communication with Plaintiffs in order to perpetrate the bait-and-switch scheme. Ibragimov denies that he did these things, but that denial ostensibly shows that the complaint satisfies the requirement that a pleading for fraud must provide sufficient notice to the defendant as to the precise misconduct with which he is charged. Moreover, even though the complaint does not specifically allege that Ibragimov personally interacted with Plaintiffs, the complaint's allegations

concerning Ibragimov's personal involvement with the fraudulent scheme is the proper focus of a Rule 9(b) analysis. Finally, even accepting that Plaintiffs' claim that Ibragimov is a de facto owner of the corporate defendants is a conclusion of law that must not be considered, the complaint sufficiently details Ibragimov's alleged involvement with the bait-and-switch scheme apart from that conclusion. Specifically, the complaint pleads with the requisite particularity Ibragimov's common purpose with the other defendants to present false information on legitimate-looking websites to lure unsuspecting overseas customers into sending money for vehicles that either do not exist, or whose condition is materially misrepresented.

Consequently, Ibragimov's motion to dismiss Plaintiffs' complaint against him must be denied. An appropriate Order will be entered.


Date:   April 7, 2017             s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.