```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

CHINGIZ MATYEV, et al.,

    Plaintiffs,

v.

SERGEY KAPUSTIN, IRINA KAPUSTINA, MICHAEL GOLOVERYA, VLADIMIR SHTEYN, IGOR ZADOROZHNIY, ISKANDER IBRAGIMOV, TRT INTERNATIONAL, LTD., OLEG MITNIK, G AUTO SALES, INC., GLOBAL AUTO, INC., EFFECT AUTO SALES, INC., SK IMPORTS, INC., GLOBAL CARGO OY, AUCTION AUTO USA, INC., ATC LOGISTIC OY, et al.,

    Defendants.

1:16-cv-00530-NLH-AMD

**OPINION**

**APPEARANCES**:

ANNA V. BROWN
MARIA TEMKIN
BROWN LEGAL CONSULTING, LLC
1076 OCEAN AVENUE
SEA BRIGHT, NJ 07760
    On behalf of Plaintiffs

EKATERINA SCHOENEFELD
SCHOENEFELD LAW FIRM LLC
32 CHAMBERS STREET, SUITE 2
PRINCETON, NJ 08542
    On behalf of Defendant Iskander Ibragimov

SUZANA DAS
DAS LAW LLC
555 ROUTE 1 SOUTH
SUITE 100
ISELIN, NJ 08830
    On behalf of Defendants TRT International, LTD and Oleg Mitnik

IRINA KAPUSTINA
137 GRASSHOPPER DRIVE
WARMINSTER, PA 18974
     Pro Se Defendant

MICHAEL GOLOVERYA
137 GRASSHOPPER DRIVE
WARMINSTER, PA 18974
     Pro Se Defendant

VLADIMIR SHTEYN
3325 WOODLAND CIRCLE
HUNTINGDON VALLEY, PA 19006
     Pro Se Defendant

**HILLMAN, District Judge**

This case is a companion to Akishev v. Kapustin, Civil Action No. 13-7152 (NLH/AMD). Both cases concern a "bait-and-switch" fraudulent scheme masterminded and operated by defendant, Sergey Kapustin, and allegedly assisted by other defendants. The Plaintiffs allege that the scheme used deceptive online advertising aimed at luring international customers to wire funds for automobile purchases and then switching to higher prices, misrepresenting mileage, condition and location and ownership of these vehicles, extorting more funds, and failing to deliver the paid-for vehicles. Presently before the Court is the motion of Defendants Oleg Mitnik and his company TRT International, LTD to dismiss Plaintiffs' claims against them. For the reasons expressed below, Defendants' motion will be denied.

**BACKGROUND & DISCUSSION**

For a detailed recitation of the fraudulent scheme perpetrated by Kapustin and other various defendants, see Akishev v. Kapustin, Civil Action No. 13-7152 (NLH/AMD), Docket No. 272, 358, 395. This case concerns additional Plaintiffs, Chingiz Matyev, Sergey Smirnov, and Igor Zuev, all citizens of Eastern Europe who, like the Plaintiffs in Akishev v. Kapustin, used Kaputin's websites to purchase a car from the United States to be shipped overseas, wired money to Kapustin, but never received any vehicle or a refund of their money.[1]

The current motion to dismiss is filed by Defendant Oleg Mitnik and his company, Defendant TRT International, LTD, which are not parties to the Akishev action.[2] Plaintiffs claim in this case that Mitnik and TRT financed, provided services to, and received profit from the operation of the fraudulent New Jersey dealerships. More specifically, Plaintiffs claim that in 2011-2012, Mitnik and TRT invested funds in the scheme, including financing the bait vehicles and the luring websites, transported

---

[1] The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c). The Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

[2] Although they are not named defendants, TRT and Mitnik have moved to quash subpoenas served on them to appear in the Akishev v. Kapustin action for depositions and to produce documents, and have opposed the plaintiffs' efforts in that case to compel discovery.

3

the "switched" vehicles, and received profit on their investment in the scheme.  Plaintiffs claim that Mitnik and TRT were put on notice of illegal activities since at least November 2013 when the victims filed their complaint in Akishev v. Kapustin, but nonetheless continued to participate in unlawful activities through November 2014.

Defendants argue two bases for why Plaintiffs' complaint should be dismissed.  First, Defendants argue that this Court lacks subject matter jurisdiction over this action under RJR Nabisco, Inc. v. European Community, 136 S. Ct. 2090, 2111 (2016), which held, "Section 1964(c) requires a civil RICO plaintiff to allege and prove a domestic injury to business or property and does not allow recovery for foreign injuries." Defendants argue that the foreign Plaintiffs have not suffered any injuries in the United States, and Plaintiffs therefore cannot maintain their RICO claims against them, and no other basis for jurisdiction can be exercised over their state law claims.  The Court rejected this same argument in Akishev v. Kapustin, and will do so again here, adopting the reasoning expressed in that case.  See Akishev v. Kapustin, 2016 WL 7165714, at *5-*8 (D.N.J. 2016) (explaining, in part, "A person responsible for a United States-based fraudulent scheme to defraud people overseas should not escape liability under a federal law that permits private causes of action to redress

that fraud simply because the scheme targets foreign citizens over the internet").

Defendants' second basis for the dismissal of Plaintiffs' complaint against them is that Plaintiffs' claims are bare-bone conclusory allegations that fail to meet the pleading standards of Rule 9(b), Rule 8, and Twombly/Iqbal.

The federal RICO statute, codified at 18 U.S.C. § 1961-68, provides, in relevant part, that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). In order to adequately plead a violation of the federal RICO statute, a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)).

A valid RICO claim must be based on one of the predicate criminal offenses listed in 18 U.S.C. § 1962, or a conspiracy to commit such an offense. 18 U.S.C. §§ 1962, 1964(c). A defendant in a racketeering conspiracy need not itself commit or agree to commit predicate acts. Smith v. Berg, 247 F.3d 532, 537 (3d Cir. 2001). Rather, "all that is necessary for such a

conspiracy is that the conspirators share a common purpose." Id. Thus, if defendants agree to a plan in which some conspirators will commit crimes and others will provide support, "the supporters are as guilty as the perpetrators." Salinas v. United States, 522 U.S. 52, 64 (1997). Each defendant must "agree to commission of two or more racketeering acts," United States v. Phillips, 874 F.2d 123, 127 n.4 (3d Cir. 1989), and each defendant must "adopt the goal of furthering or facilitating the criminal endeavor," Smith, 247 F.3d at 537.

A motion to dismiss under Federal Civil Procedure Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

For claims that sound in fraud or misrepresentation the

6

complaint "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The level of particularity required is sufficient details to put defendants on notice of the "precise misconduct with which they are charged." In re Riddell Concussion Reduction Litigation, 77 F. Supp. 3d 422, 433 (D.N.J. 2015) (citing Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984)) (other citation omitted). "'This requires a plaintiff to plead the date, time, and place of the alleged fraud, or otherwise inject precision into the allegations by some alternative means.'" Id. (quoting Grant v. Turner, 505 F. App'x 107, 111 (3d Cir. 2012), cert. denied, --- U.S. ----, 133 S. Ct. 2770 (2013)).

Plaintiffs' complaint satisfies the Rule 9(b) pleading requirement for their RICO claims against Defendants, and those same allegations support Plaintiffs' related state law claims for common law fraud, conspiracy to commit fraud, conversion, and unjust enrichment. Plaintiffs allege that from 2011 through 2014, Mitnik and his company TRT knowingly funded the bait-and-switch scheme by financing bait vehicles, funding the websites that lured Plaintiffs, and supporting the operations of the scheme. Plaintiffs also allege that Mitnik and TRT profited from the scheme through Plaintiffs' payment of purported storage fees, shipment fees, and other charges, and that TRT was

7

receiving repayments of interest and principal on its loan to the Global defendants from the funds that Plaintiffs paid for the vehicles. Plaintiffs further allege that Mitnik and TRT dealt directly with Kapustin and provided transportation services to the Global defendants, including the shipment of over 600 vehicles.

These allegations, when accepted as true and considered in the context of the entire scheme described by Plaintiffs in their complaint, are sufficient to place Defendants on notice of the precise misconduct with which they are charged – namely, the ongoing and knowing participation in funding and profiting from the bait-and-switch car buying scheme that victimized Plaintiffs. These allegations state viable RICO claims, as well as common law fraud and other related claims. Defendants may deny Plaintiffs' allegations and ultimately demonstrate their lack of liability for these claims, but Plaintiffs' complaint is properly pleaded so that the parties may proceed through the discovery process.

Consequently, Mitnik and TRT's motion to dismiss Plaintiffs' complaint against them must be denied. An appropriate Order will be entered.

Date: __April 18, 2017__         ___s/ Noel L. Hillman___  
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.